IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| GARY G. PREWITT, II | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No. |
| | ) | |
| HAMLINE UNIVERSITY | ) | Judge |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** Plaintiff, **GARY G. PREWITT, II** (hereafter "Plaintiff" or "Mr. Prewitt"), by and through counsel, and respectfully submits his Complaint against Defendant, **HAMLINE UNIVERSITY** (hereafter "Defendant" or "Hamline"); and in support thereof would allege as follows:

## PARTIES

1. Plaintiff, Gary Prewitt, II, is a resident of Davidson County, Tennessee. At all times material, Plaintiff was a resident of Davidson County, Tennessee and was an enrolled student of Defendant, Hamline University's institution.

2. Defendant Hamline University is a domestic for profit business with its principle place of business located in Saint Paul, Minnesota at 1536 Hewitt Avenue, Saint Paul, Minnesota 55104-1284.

3. Defendant is an institution of higher learning which received Federal financial assistance, and, at all times material, Plaintiff was enrolled as one of its students.

## JURISDICTION AND VENUE

1

4. This court has jurisdiction under 28 U.S.C. § 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States.

5. Plaintiff Gary Prewitt, II is a citizen of Tennessee. Defendant Hamline University is a citizen of Minnesota. The matter in controversy exceeds the sum of seventy five thousand dollars ($75,000). This court has jurisdiction under 28 U.S.C. § 1332 to hear Plaintiff's claims due to diversity of citizenship.

6. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. § 1392(b)(2) as all of the acts or omissions which give rise to this cause of action occurred within this district.

## FACTUAL ALLEGATION

7. In or around September 2009, Mr. Prewitt maintains he began his tenure at Hamline University. He was enrolled in an online master's degree program offered by Defendant.

8. From the onset of his tenure until the Fall 2012 semester, Plaintiff contends he moved forward in the program without major incident, earning exceptional grades for his coursework.

9. In or around the Summer 2012 semester, Mr. Prewitt enrolled in a graduation prerequisite course that required travel to Hamline's Minnesota campus for about two weeks. Upon his arrival, Plaintiff contends he was required to obtain a student identification card that required his photograph be taken and entered into the Defendant's system. Prior to the capturing of said photograph, Mr. Prewitt maintains Hamline faculty and administration did not know his race.

10. In or around the Fall 2012 semester, after his photograph was entered into Defendant's aforementioned system, Mr. Prewitt maintains he applied for his master's degree graduation.

11. Despite fulfilling all graduation requirements and paying all funds due in full, Mr. Prewitt alleges Hamline wrongfully refused to confer Plaintiff's master's degree upon him.

12. Mr. Prewitt, and his counsel, contends formal complaints were lodged with Hamline, regarding the disparate treatment levied against him. Defendant allegedly neither acknowledged nor responded to either complaint.

13. Mr. Prewitt maintains he then took the matter to the Department of Education (hereafter "DOE"), who in turn opened an investigation of Hamline for its conduct. Plaintiff contends the DOE was involved in this matter from on or about April 22, 2014, until on or about May 4, 2015.

14. Defendant was allegedly uncooperative throughout said investigation. Further, Hamline allegedly never made an attempt to resolve the ongoing matter, and without notice, Mr. Prewitt maintains Defendant terminated his access to its entire student system on or about November 24, 2014, effectively ending his ability to continue as a Hamline student toward the goal of degree conferment. This act gave rise to the action presently being brought.

## COUNT ONE-FRAUD

15. In or around September 2009, Plaintiff contends Hamline falsely, fraudulently and ultimately with intent to defraud the plaintiff, represented to Mr. Prewitt that upon accepting admission into Defendant's online master's degree program, paying for and

3

Case 3:15-cv-00942   Document 1   Filed 08/31/15   Page 3 of 10 PageID #: 3

satisfactorily completing requisite coursework, a master's degree would then be conferred upon him.

16. Mr. Prewitt maintains those representations were false, in fact, and known to be ultimately false by Hamline, and the conduct of Defendant allegedly shows as follows:

   (a) In or around September 2009, Plaintiff contends he began coursework in Defendant's online master's degree program.

   (b) During the Fall 2012 semester, after maintaining over a 3.40 grade point average (on a 4.00 grade point scale), Mr. Prewitt maintains he applied to graduate from the aforementioned program in or around May 2013.

   (c) On or about January 3, 2013, Plaintiff contends he was informed by Hamline he needed to obtain a higher grade (one grade level) in a particular course, in order to satisfy a graduation requirement. Therefore, on or about January 4, 2013, Mr. Prewitt maintains he contacted the course professor and inquired about completing an extra assignment in order to raise said grade, to which the professor agreed.

   (d) On or about January 14, 2013, said extra assignment was allegedly given. Subsequently, on or about January 16, 2013, Plaintiff contends he was instructed by this particular professor to "hold off" on beginning the assignment pending an administrative meeting from which said professor was excluded. On or about January 17, 2013, said meeting was allegedly held by Hamline's dean to make a determination regarding the agreement between the professor and Plaintiff.

   (e) On or about January 19, 2013, as a result of the aforementioned meeting, Mr. Prewitt maintains the professor informed him that their agreement had been rescinded and Plaintiff had been denied the opportunity to complete the aforementioned extra

4

Case 3:15-cv-00942   Document 1   Filed 08/31/15   Page 4 of 10 PageID #: 4

assignment needed to fulfill the specified degree requirement. On or about January 22, 2013, Hamline's then-Co-chair of Advanced Degrees and Administrative Licensing Department allegedly relayed the decision to Plaintiff, without a reason or explanation for the denial.

(f)     Plaintiff contends he enrolled in an Independent Study course in or around the Summer 2013 semester, in a further attempt to satisfy the aforementioned graduation requirement.  Despite many requests, Mr. Prewitt's Hamline-assigned advisor allegedly never forwarded any coursework to Plaintiff, and ultimately assigned him a failing grade (specifically the grade "F").  Further, Plaintiff contends Hamline collected Federal funds for this course, and all others completed by him.

(g)     In addition to this single course, Plaintiff maintains he merely had a written assignment remaining to obtain his master's degree.  On or about November 5, 2013, Plaintiff contends he forwarded said written assignment to the Hamline advisor he was assigned.  The advisor allegedly informed Plaintiff the next day that his assignment "appears to be short of expectation, but [she has] yet to fully read it."  Said assignment was allegedly  graded on a Pass/Fail scale.

(h)     On or about February 12, 2014, Plaintiff contends he filed a formal complaint with Defendant, regarding the undue delay with the completion of his master's degree. Plaintiff allegedly never received a response of any sort.

(i)     Mr. Prewitt maintains he obtained counsel, who filed another formal complaint with Defendant on or about March 19, 2014, which also gave notice of Plaintiff's representation by counsel with respect to the matter.  On or about April 17, 2014,

Hamline allegedly forwarded a letter ignoring the serious issues raised by Plaintiff's counsel, and mandating a "release" be executed, yet such a document was not provided.

(j)     For several months, Plaintiff contends he repeatedly inquired about graduating, to which he was never given a response. Later, despite being represented by counsel, Hamline's Chair of Advance Degrees and Administrative Licensure Department allegedly continued to communicate with Plaintiff. On or about April 19, 2014, Plaintiff maintains he requested a "clear path to graduation" from said department chair, who in turn did not provide Mr. Prewitt with one, instead informing him that such information would be "forthcoming." Said information was allegedly never given.

(k)     On or about June 17, 2014, Plaintiff maintains he received a letter from Hamline stating he had earned one hundred and fifty (150) percent of the requisite credits to earn his master's degree, and was barred from receiving any additional Federal funds. This letter was allegedly the first and only communication of this nature Plaintiff received from Hamline.

(l)     On or about November 24, 2014, Mr. Prewitt contends he was locked out of Defendant's entire student system by Defendant. As a solely "online" student, this act allegedly marked the abrupt end to Plaintiff's tenure at Hamline University. Plaintiff contends he neither graduated nor withdrew from Defendant institution, which amounts to expulsion without notice or hearing.

(m)    Mr. Prewitt contends Hamline's aforementioned conduct allegedly evinces a malicious, calculated scheme to obtain Federal funds from a student, and leave said student tens of thousands of dollars in debt without the master's degree they are rightfully entitled.

17. Mr. Prewitt contends he relied upon Hamline's false representations and was thereby induced to obtain many Federal student loans and spend countless hours completing coursework to earn course credits. Further, Plaintiff maintains he put his life on hold in order to earn the master's degree that would enable him to fulfill the lifelong dream of being an educator.

## COUNT TWO-VIOLATION OF 42 U.S.C. 2000(d)

18. Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. 2000(d), prohibits institutions receiving Federal assistance from discrimination on the basis of race, color or national origin. Hamline is such an institution and its conduct against the Plaintiff allegedly violates Title VI as follows:

    (a) On or about September of 2009, Plaintiff maintains he enrolled in Hamline's Master of Arts in Education: Natural Science and Environmental Education master's degree program. Plaintiff contends he was enrolled in online courses only, and received fair treatment and exceptional grades.

    (b) In or around the Summer 2012 semester, Mr. Prewitt contends he was required to take a course on campus, in order to fulfill a graduation requirement. Upon his arrival, he was allegedly required to take a photograph and obtain a student identification card. Until this event, Defendant faculty and administration allegedly did not know Plaintiff's race.

    (c) After Defendant was allegedly made aware of Mr. Prewitt's race and he applied to graduate in or around May 2013, Hamline refused to confer Plaintiff's master's degree upon him, which allegedly ultimately resulted in the fraudulent collection of tens of thousands of Federal dollars.

7

## COUNT THREE-VIOLATION OF 20 U.S.C 1681(a)

19. Title IX of the Education Amendments of 1972 ("Title XI"), 20 U.S.C. 1681(a), prohibits institutions receiving Federal assistance from discrimination on the basis of sex. Hamline is such an institution and its conduct against Plaintiff allegedly violates Title IX as follows:

(a) From the onset of his tenure at Hamline University (unlike his race), Defendant's faculty and administrators allegedly were aware of Mr. Prewitt's sex. Plaintiff contends the coupling of his sex with his race aggravated the circumstances, leading to the gross mistreatment he suffered at the hands of Hamline's faculty and administrators, all of which was allegedly fueled by discrimination.

(b) Plaintiff maintains his sex was apparently an issue with respect to this matter, because all of the perpetrators of the wrongdoing against him were female. Also, Plaintiff contends it is notable that the only faculty member of Defendant's involved in this matter that allegedly treated Mr. Prewitt fairly and attempted to move him forward to graduation was male.

(c) Plaintiff contends he had earned one hundred and fifty (150) percent of the credits needed to obtain his master's degree, as allegedly stated in Hamline's letter sent to Mr. Prewitt on or about June 17, 2014. Mr. Prewitt also contends he repeatedly asked Hamline's upper-echelon administrators for a clear path to graduation, to which there has allegedly never been a response. Plaintiff maintains the requisite coursework had been completed, and the desire to graduate was present. Therefore, the desire to discriminate against Plaintiff is allegedly the only logical motivation for Hamline to openly take Mr. Prewitt's time and money, and believe it can leave him with nothing in exchange.

8

Case 3:15-cv-00942   Document 1   Filed 08/31/15   Page 8 of 10 PageID #: 8

## COUNT FOUR-RETALIATION

20. On or about February 12, 2014, Mr. Prewitt maintains he filed a formal complaint with Defendant surrounding the issues he has faced attempting to reach graduation, to which there was allegedly never a response. Therefore, on or about March 19, 2014, Plaintiff contends he obtained legal counsel who filed an additional formal complaint with Hamline, regarding the matter. To date, the allegations in both complaints have allegedly been neither addressed nor acknowledged by Hamline.

21. In or around the Spring 2014 semester, still seeking to obtain his master's degree, Plaintiff contends he enrolled and attempted to complete an online course (ultimately his last) in Hamline's institution, which was around the time Plaintiff filed his formal complaint with Defendant. The instructor of said course allegedly disregarded his enrollment in the course, and even ignored Mr. Prewitt when he brought his exclusion to her attention on or about February 12, 2014.

22. Plaintiff maintains he was retaliated against by Hamline through the aforementioned instructor for the formal complaint he previously lodged. The act of retaliation was allegedly made even more prevalent when upon bringing this occurrence with said course to Hamline's attention on or about March 11, 2014, there was never either a response nor acknowledgement made.

23. On or about April 22, 2014, Plaintiff maintains he filed a formal complaint with the DOE, and an investigation of Hamline was opened on or about July 10, 2014. Hamline was allegedly uncooperative throughout the duration of said investigation, and never attempted to resolve the very serious matter at hand. Ultimately, allegedly in retaliation for having, Hamline investigated by the DOE, Defendant terminated Mr. Prewitt's access

9

Case 3:15-cv-00942   Document 1   Filed 08/31/15   Page 9 of 10 PageID #: 9

to its entire student system on or about November 24, 2014.  Plaintiff contends for a solely "online student," this act had the impact of expulsion (without notice or hearing).  To date, Plaintiff maintains he has not obtained his master's degree nor has Hamline made any contact with him nor offered any resolution to this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

24. For a jury to be empaneled and a judgment of compensatory damages;

25. An order compelling Defendant to confer Plaintiff's Masters of Arts in Education: Natural Science and Environmental Education Degree upon him;

26. Damages for harassment, mental anguish and suffering and other damages;

27. Attorney's fees and the cost of litigation;

28. Punitive damages;

29. A judgment against Defendant for prejudgment interest; and

30. That Plaintiff be granted such other, further, or general relief to which he may be entitled as this court deems proper.

Respectfully submitted,

**C. PREWITT LAW**

 /s/ Candes V. Prewitt_____
Candes V. Prewitt  (BPR#031269)
6688 Nolensville Road, Suite 111-132
Brentwood, Tennessee 37027
Telephone:  (615) 541-9793
candes@cprewittlaw.com

*Counsel for Plaintiff*

10

Case 3:15-cv-00942   Document 1   Filed 08/31/15   Page 10 of 10 PageID #: 10