# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GARY G. PREWITT, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:15-cv-00942 |
| | ) CHIEF JUDGE CRENSHAW |
| HAMLINE UNIVERSITY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Gary Prewitt filed the Complaint against Hamline University after it locked Prewitt out of Hamline's online student computer system prior to Prewitt completing the coursework required to graduate. (Doc. No. 1.) He alleges that Hamline discriminated against him on the basis of race, in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., and sex, in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a).[1] (Id.) Before the Court is Hamline's Motion for Summary Judgment. (Doc. No. 82.) Also before the Court is Prewitt's Motion to Review the Magistrate Judge's May 23, 2018 Order finding that good cause existed for Prewitt's late summary judgment motion (Doc. No. 104.) For the following reasons, Prewitt's Motion to Review is granted, the Magistrate Judge's May 23, 2018 Order is affirmed, and Hamline's Motion for Summary Judgment is granted.

I. Procedural History

This case's progress has been rocked with turbulence from the beginning. After multiple failed attempts to serve Hamline and a motion to dismiss that remained pending for fourteen

---

[1] The Court previously dismissed all claims other than these two discrimination claims. (Doc. No. 41.)

months, a scheduling order was not entered until April 20, 2017, almost two years after the filing of the Complaint. (Doc. No. 46.) The Magistrate Judge set a discovery deadline of September 15, 2017, a dispositive motions deadline of February 1, 2018, and ordered that "[d]iscovery is not stayed during dispositive or other motions, unless ordered by the Court." (Id. at 2.)

Shortly before the discovery deadline, Prewitt filed his first Discovery Dispute Statement. (Doc. No. 55.) A week later, he filed a second Discovery Dispute Statement. (Doc. No. 57.) On September 14, 2017, the Magistrate Judge extended certain deadlines in response to the Discovery Dispute Statements. (Doc. No. 58.) Relevant to the instant motions, the Magistrate Judge ordered supplemental discovery responses and that Hamline designate its Rule 30(b)(6) representative on or before September 20, 2017. (Id. at 1.) Prewitt was also required to confirm to Hamline the manner in which he sought to take Hamline's Rule 30(b)(6) designee's deposition by September 20. (Id. at 1-2.) If the deposition was to take place in person, it was required to take place in Minnesota. (Id. at 2.)

In October, each party filed a Motion to Compel. (Doc. Nos. 62-63.) The Magistrate Judge resolved those in January (Doc. No. 71), and Prewitt sought review of the Magistrate Judge's Order. (Doc. No. 72.) Hamline then sought sanctions against Prewitt, as well as a continuance of the February 1 dispositive motions deadline and the trial date. (Doc. No. 74.) The Court affirmed the Magistrate Judge in February, and stated: "At this stage of the litigation, the trial date will not be continued absent extraordinary cause." (Doc. No. 79.) Hamline's Motion for Sanctions (Doc. No. 74) remains pending.

Later in February, Prewitt moved to amend the Amended Case Management Order to permit him to depose Hamline's Rule 30(b)(6) designee and resolve supplemental discovery issues. (Doc. No. 80.) On March 12, 2018, Hamline, without a ruling on its motion to extend

deadlines, belatedly filed its Motion for Summary Judgment. (Doc. No. 82.) The Magistrate Judge set a briefing schedule (Doc. No. 90), in compliance with Local Rule 16.01(f), and issued an Order requiring Hamline to show cause why its summary judgment motion was filed late without leave of the Court (Doc. No. 92). Prewitt sought review of the Magistrate Judge's scheduling Order (Doc. No. 91), and the Court affirmed. (Doc. No. 97). The Court made clear that the "briefing on Defendant's Motion for Summary Judgment is not stayed pending the resolution of the Order to Show Cause or Plaintiff's second Motion to Review." (Id. at 1-2.)

On March 13, 2018, the Magistrate Judge denied Prewitt's Motion to Amend the Case Management Order. (Doc. No. 89.) The Magistrate Judge found that Hamline had complied with all discovery requests and Prewitt had not identified why Hamline's supplemental discovery responses were inadequate. (Id. at 3.) The Magistrate Judge further found that while Hamline never designated its Rule 30(b)(6) representative, Prewitt had not timely noticed the deposition nor informed Hamline whether the deposition would be telephonic or in person. (Id. at 4.) She therefore found that good cause did not exist to extend any of the expired deadlines. (Id. at 5.) Prewitt sought review of the Magistrate Judge's Order (Doc. No. 95), which the Court affirmed (Doc. No. 101).

II.     Motion to Review

On May 23, 2018, the Magistrate Judge found that good cause existed for the Court to accept Hamline's untimely Motion for Summary Judgment. (Doc. No. 103.) In short, the Magistrate Judge found that Hamline "diligently tried to set Prewitt's deposition and to obtain discovery responses before taking it and moved to extend the dispositive motion deadline when it became apparent that the delays in obtaining that discovery would make its motion untimely." (Id. (citing Doc. No. 74)). Therefore, the Magistrate Judge found that Hamline established the necessary good cause to amend the scheduling order under Federal Rule of Civil Procedure

3

16(b)(4), and considered the pending Motion for Summary Judgment timely filed. (Id.) Prewitt filed a Motion for Review of that Order. (Doc. No. 104.)

Prewitt's Motion primarily argues that Rule 16(b)(4) mandates that a scheduling order can be modified "only for good cause and with the judge's consent." (Id. at 2.) Because Hamline did not obtain the Court's consent to extend the dispositive motions deadline prior to filing its motion, Prewitt argues that the Magistrate Judge's subsequent finding of good cause is contrary to law. (Id. at 3.) The remainder of Prewitt's Motion takes issue with the Magistrate Judge's finding of good cause. (Id. at 4-5.) The Court will address each of Prewitt's arguments in turn.

As explained in the Court's previous Orders resolving Prewitt's Motions to Review, Local Rule 72.02 allows a party to object to decisions of Magistrate Judges on nondispositive matters by filing a Motion for Review. The Court must consider timely objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Local Rule 72.02(b)(1) also allows the Court to modify or set aside the Magistrate Judge's Order if it is "in the interests of justice."

The standard for allowing late filings is set forth in Federal Rule of Civil Procedure 6(b). Pioneer Inv. Servs. Co. v. Bruswick Assocs. Ltd. P'ship, 113 S. Ct. 1489, 1496 (1993). If a request for an extension of time is made prior to the expiration of the original time, the extension of time must be "for good cause." Fed. R. Civ. P. 6(b)(1)(A). If the motion is made after the time has expired, then there is an additional requirement that the tardiness of the motion be "because of excusable neglect." Id. at 6(b)(1)(B). Here, because Hamline filed its motion to extend the deadline prior to the expiration of the deadline, it only needs to show good cause for the extension. However, out of an abundance of caution, the Court will also analyze whether there was excusable neglect for the tardiness of Hamline's summary judgment motion.

A. Good Cause

Prewitt objects to the Magistrate Judge's good cause determination because "Plaintiff scheduled his deposition with Defendant on multiple occasions, and Defendant cancelled said depositions several times." (Doc. No. 104 at 3 (citing Doc. No. 78 at 4)). Of course, as Prewitt himself acknowledges, the first two cancelations of Prewitt's deposition were because Hamline had not received discovery, and the third was because Prewitt's discovery responses were inadequate. (Doc. No. 78 at 4.) Hamline finally was able to take Prewitt's deposition on February 23, 2018, and moved for summary judgment shortly after. The Magistrate Judge's finding that Hamline "diligently tried to set Prewitt's deposition and to obtain discovery responses before taking it and moved to extend the dispositive motion deadline when it became apparent that the delays in obtaining that discovery would make its motion untimely" is not clearly erroneous.

Prewitt also makes an argument regarding Federal Rule of Civil Procedure 15. (Doc. No. 104.) It appears that he contends that Hamline's Response to the Magistrate Judge's Show Cause Order is an amendment of its original Motion for Extension of Time, and violates Rule 15 because it was filed more than 21 days after the original motion. Rule 15 does not govern motions for extension of time, nor is there any indication that Hamline's Response to the Magistrate Judge's Show Cause Order should be considered an amendment to its previously-filed Motion. The Magistrate Judge's failure to rely on Rule 15 is not contrary to law.

B. Excusable Neglect

In the event excusable neglect is required, Hamline's tardiness is excusable. The Court considers five factors in considering excusable neglect: "(1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party,

and (5) whether the late-filing party acted in good faith." Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 522 (6th Cir. 2006) (citing Pioneer Inv. Servs. Co., 507 U.S. at 395).

Prewitt does not assert, nor can he, that he suffered any unfair prejudice from the delay. He was still able to file a response to the Motion for Summary Judgment (Doc. No. 98) and, if he survived summary judgment, the Court made clear it would not move the trial date. There is no indication that the one month delay caused Prewitt any unfair prejudice, nor did it impact the judicial proceedings. The reason for the delay was that Hamline assumed—incorrectly—that filing a motion to extend deadlines automatically entitled it to then miss those deadlines without obtaining the Court's permission. However, its reason to extend the dispositive motions deadline for slightly over a month was reasonable because it wanted to take Prewitt's deposition, which it noticed three times, after receiving all discovery from Prewitt. Finally, there is no evidence of bad faith on the part of Hamline. The factors weigh in favor of finding excusable neglect for Hamline's delay in filing its motion for summary judgment.

III. Summary Judgment

Prewitt makes no independent argument against Hamline's Motion for Summary Judgment. (Doc. No. 98.) Instead, he only repeats his arguments made in opposition to the above-analyzed Motion to Review. For the reasons that follow, Hamline's Motion is granted.

In reviewing a motion for summary judgment, the Court will only consider the narrow question of whether there are "genuine issues as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must view the "inferences to be drawn from the underlying facts . . . in the light most favorable to the party opposing the motion," in this case, Prewitt. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)). "The

party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). The nonmoving party then has the burden of showing that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" Matsushita, 475 U.S, at 587. If the evidence offered by the nonmoving party is "merely colorable," "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." Hill v. White, 190 F.3d 427, 430 (6th Cir. 1999) (citing Anderson, 477 U.S. at 247-49).

    A.    Rule 56(d)

Accompanying its Motion for Summary Judgment, Hamline properly filed a "concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." M.D. Tenn. L.R. 56.01(b); (Doc. No. 88.) Prewitt did not respond to the Statement of Undisputed Facts, but instead his counsel filed a Declaration indicating Prewitt did not have sufficient facts to respond to Hamline's statement. (Doc. No. 99.) All issues in counsel's Declaration involve discovery concerns that the Court carefully considered and rejected in ruling on Prewitt's previous Motions to Review. However, Prewitt argues that Federal Rule of Civil Procedure 56(d) permits him to file the Declaration, and the Court should "defer considering the [summary judgment] motion or deny it." (Doc. No. 98 at 4.) Rule 56(d) would permit the Court to do so if the nonmovant showed "for specified reasons" that he "cannot present facts essential to justify" his opposition to summary judgment.

The Court considers five factors when deciding a Rule 56(d) motion: (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the non-moving party was responsive to discovery requests. Plott v. Gen. Motors Corp., 71 F.3d 1190, 1196-97 (6th Cir. 1995).

Prewitt admits that the subject of discovery outlined in the Declaration paragraphs 21-33 (Doc. No. 99 at 1-7) were all ruled upon in the Magistrate Judge's January 3, 2018 Order (Doc. No. 71), which the Court affirmed on February 5, 2018 (Doc. No. 79). As stated in the Court's Order, Prewitt's discovery request was "muddled and hard to follow," and it was, and still is, unclear what further discovery Pruitt seeks. (Id. at 1.) The remainder of the requested discovery involves the lack of testimony from Hamline's 30(b)(6) designee, which is due to Prewitt's failure to notice Hamline's deposition. (Doc. No. 99 at 7.) Prewitt learned of the discovery issue upon receipt of Hamline's October 2017 supplemental discovery responses, but did not articulate to the Court how the supplemental discovery responses were insufficient and did not notice Hamline's Rule 30(b)(6) designee. There is no evidence that the requested discovery would change the summary judgment ruling. Discovery lasted for three years, and Prewitt did not file any motion to compel this discovery until the end of the discovery period. Finally, it appears that Hamline has been reasonably responsive to Prewitt's discovery requests (at the very least, there is no evidence of any evasiveness by Hamline). After weighing the five factors, the Court sees no reason to reopen discovery.

B.     Undisputed Facts

Having denied Prewitt's Rule 56(d) request, the Court must take the asserted facts in Hamline's Statement of Undisputed Facts as "not disputed for purposes of summary judgment." M.D. Tenn. L.R. 56.01(g). Taking those facts as true, Prewitt was a graduate student at Hamline from September 2009 until February 2014, but had not completed all of the necessary coursework to receive a Master of Arts degree. (Doc. No. 88 at 2.) He did not enroll or attempt to enroll in any classes after February 2014. (Id. at 7.) In the summer of 2014, Sandra Immerman, Hamline's Enrollment and Student Services Manager in the Graduate School of Education, discovered that there were a number of individuals on Hamline's online student system that were listed as "active" graduate students when they were not registered in any courses. (Id. at 5.) Immerman changed those students' statuses from "active" to "inactive" that summer and fall, including Prewitt's status in November 2014. (Id. at 5-6.) Immerman did not know Prewitt's race or gender and changed many other graduate students' statuses, including those of Caucasian and female students. (Id. at 6.)

Students labeled as "inactive" in the computer system have their account access and credentials to Hamline's online systems automatically disabled. (Id.) Prewitt has not contacted anybody at Hamline about reactivating his account or completing his graduate degree. (Id. at 7.) Prewitt has not received notice that Hamline suspended, expelled, or otherwise disciplined him. (Id.)

C.     Analysis

Section 601 of Title VI prohibits discrimination under any program or activity receiving Federal financial assistance on the basis of "race, color, or national origin." 42 U.S.C. § 2000d. Title VI confers a private right of action only for intentional discrimination. Alexander v.

9

Sandoval, 532 U.S. 275, 280 (2001). "Congress modeled Title IX [of the Education Amendments] after Title VI of the Civil Rights Act of 1964, and passed Title IX with the explicit understanding that it would be interpreted as Title VI was." Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 258 (2009) (citing Cannon v. Univ. of Chicago, 441 U.S. 677, 694-96 (1979)). "To establish a genuine issue of material fact that [Hamline] intentionally discriminated against [Prewitt], [Prewitt] must demonstrate that the decision to exclude [him] from a federally financed program was motivated by race [or gender] and that his race [or gender] was a determining factor in the exclusion." Buchanan v. City of Bolivar, Tenn., 99 F.3d 1352, 1356 (6th Cir. 1996).

Based on the record before the Court, Prewitt cannot establish a prima facie case of race or gender discrimination. First, Prewitt has not proven that he was excluded from a federally financed program. Instead, the facts show that Hamline changed Prewitt's status to "inactive" because he was not enrolled in any classes. He has not alleged that he is attempting to take classes and he has not contacted Hamline to attempt to become active again. Moreover, the person who changed his status to "inactive" did not know of Prewitt's race or gender and changed other Caucasian and female students' statuses to "inactive" as well. Thus, there is no evidence that race or gender was a determining factor in Hamline locking Prewitt out of the online student system for being "inactive."

Outside of rehashing the discovery issues, which the Court sufficiently discussed above, Prewitt makes one argument that the Court already found that Prewitt suffered an adverse action when denying Hamline's Motion to Dismiss. (Doc. No. 98 at 7.) It is hornbook law that the denial of a motion to dismiss has no bearing on whether the plaintiff can sufficiently support the allegations in the Complaint with evidence to survive summary judgment. See McKenzie v. BellSouth Telecomms. Inc., 219 F.3d 508, 513 (6th Cir. 2000) ("[O]ur holding on a motion to

dismiss does not establish the law of the case for purposes of summary judgment, when the complaint has been supplemented by discovery."). Prewitt has not supported his claims with sufficient evidence to survive summary judgment.

The Court will enter an appropriate order.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE